## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUHTHERN DISTRICT OF NEW YORK

CHENGDU TOPS TECHNOLOGY CO., LTD.,

                    Plaintiff,

      v.

PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A,

                  Defendants.

Case No.

## COMPLAINT

Plaintiff Chengdu Tops Technology Co., Ltd. ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## THE PARTIES

1.     Plaintiff is a citizen and resident of China and the lawful owner by way of assignment of all rights, title, and interest in the Patent attached as **Exhibit A,** which were duly and legally issued by the United States Patent and Trademark Office. **Exhibit A** is a true and accurate copy of the document it purports to be.

2.     Plaintiff and the inventor of the Patent work together to offer products for sale that practice the Patents via online retailers such as Amazon Marketplace. They have established the products as high quality and have an established reputation and quality reviews.

3.     Plaintiff brings this action to address the wrongful conduct of e-commerce store operators who are violating Plaintiff's rights under the Patents by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same unauthorized

and unlicensed products (the "Accused Products").

4.       Plaintiff has not granted to any Defendant a license under the Patents or any other form of permission with respect to the Patents.

5.       Defendants have been infringing and continue to infringe the Patents by making, using, offering for sale, selling and/or importing into the United States the Accused Products.

6.       Defendants are believed to be individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller names identified on Schedule A ("Marketplace Stores") and/or other seller names not yet known to Plaintiff. Defendants sell Accused Products through their Marketplace Stores to unknowing consumers, including in this District. On information and belief, Defendants reside and/or operate in the People's Republic of China or other country outside the United States. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7.       On information and belief, Defendants either individually or jointly operate one or more of the Marketplace Stores attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the Defendants' true identities and the full scope and interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

8.       On information and belief, Defendants are not registered or licensed to do business in any jurisdiction in the United States, and have no agent authorized by appointment or by law to receive service of process.

**JURISDICTION AND VENUE**

9.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including New York, through their operation of, or assistance in the operation of, the fully interactive, commercial e-commerce stores, including on at least https://www.amazon.com ("Amazon"), while operating under the seller names identified in Schedule A. Specifically, each of the Defendants directly reaches out to do business with New York residents by operating or assisting in the operation of one or more commercial, interactive Marketplace Stores that sell Accused Products directly to New York consumers. Each Defendant is causing Plaintiff substantial injury in the State of New York by engaging in interstate commerce and wrongfully committing tortious acts in New York.

**JOINDER OF DEFENDANTS**

11.     On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products manufactured by a common source that infringe the Patents in the same transaction, occurrence, or series of transactions or occurrences. For example, through their Marketplace Stores, Defendants all sell and/or offer the same Accused Products for sale with minor variations as well as similar if not identical product images and descriptions. Defendants' various Marketplace Stores share unique identifiers, such as similar design elements and imagery associated with the Accused Products.

12.     Defendants also utilize the same or substantially similar shopping cart platforms,

accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts.

13.     Defendants' activities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence or same series of transactions or occurrences.

## BACKGROUND

14.     On information and belief, at all times relevant hereto, Defendants have had full knowledge of the Patents.

15.     On information and belief, Defendants have taken measures to avoid liability by concealing their identities and the extent of Defendants' interconnectedness in their counterfeiting operation. Such activity includes, on information and belief, changing their seller names, creating multiple stores associated with different seller names and assisting other Defendants in doing the same.

16.     In addition to operating under multiple seller names, Defendants in this case and defendants in other similar cases use a variety of other common tactics to thwart enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers like Defendants also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17.     E-commerce store operators like Defendants are in regular communication with one another and are active participants and or users of chat rooms and sites such as sellerdefense.cn, sellerguard.com.cn, amz123.com and others, which provide notice of new lawsuits and advice for operating multiple online marketplace accounts, evading detection, and avoiding potential damages. Such chat rooms and sites provide counterfeiters early notice of

recently filed lawsuits so evidence can be destroyed, and assets can be transferred before a temporary asset restraint is instituted.

18.      E-commerce store operators like the Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to prevent disruptions of their operations by Plaintiff's enforcement efforts, such as via Amazon. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts (such as PayPal or other financial accounts) to offshore bank accounts outside the jurisdiction of this Court.

19.      Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use their products that infringe the Patents, directly and/or indirectly. Defendants' Marketplace Stores offer shipping to the United States, including New York, and, on information and belief, Defendants have sold Accused Products into the United States and New York over the Internet.

20.      Defendants' infringement of the Patents in connection with the making, using, selling, offering to sell, or importing of the Accused Products, including the offering for sale and sale of Accused Products into Illinois, is irreparably harming Plaintiff.

21.      On information and belief, Defendants will continue to register or acquire e-commerce stores for the purpose of selling Accused Products unless preliminarily and permanently enjoined.

22.      Plaintiff has no adequate remedy at law.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT
### (35 U.S.C. § 271)

23.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24.    Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Accused Products that infringe directly and/or indirectly the ornamental designs claimed in the Patents ("Patented Designs").

25.    Defendants have infringed the Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26.    Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    (a) making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs,

    (b) aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs, and

    (c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

2.  Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, Temu, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

(a) disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Designs,

(b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Patented Designs, and

(c) take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3.  That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4.  That Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Patents, pursuant to 35 U.S.C. § 289;

5.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.  Award any and all other relief that this Court deems just and proper.

Dated: May 12, 2025                          Respectfully submitted,

By: /s/ Nitin Kaushik
Nitin Kaushik
50 Lerer Lane
Staten Island, NY 10307
908-560-7265
nitin.kaushik@gmail.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHENGDU TOPS TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. |

**<u>SCHEDULE A – SEALED DOCUMENT</u>**

This document (list of online stores) is being filed under seal to prevent its public disclosure. A corresponding motion is being filed herewith to seal the asserted patent, and to seal any associated patent report to the United States Patent and Trademark Office to prevent a public docket entry disclosing the asserted patent. A full version of Schedule A will be filed separately under seal and will remain under seal until further order of this Court.